```
                    UNITED STATES DISTRICT COURT
                            FOR THE
                       DISTRICT OF VERMONT

Joshua Rheaume,                 :
      Plaintiff,                :
                                :
      v.                        :       File No. 1:07-CV-262
                                :
Robert Hofmann, Vermont         :
Department of Corrections,      :
Keith Tallon, Dominic           :
Damato,                         :
      Defendants.               :
```

MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION
(Papers 8 and 21)

*Pro se* plaintiff Joshua Rheaume, a Vermont inmate, brings this action claiming that he suffered injuries as a result of a fall while in prison. His legal claims include an Eighth Amendment claim of cruel and unusual punishment and a negligence claim.

Currently pending before the Court is a motion to dismiss submitted on behalf of defendants Robert Hofmann and the Vermont Department of Corrections ("DOC").[1] The motion is unopposed. For the reasons set forth below, I recommend that the motion to dismiss be GRANTED and the claims against these defendants be DISMISSED.

Factual and Procedural Background

For the limited purpose of ruling upon the defendants'

---

[1] Defendants Tallon and Damato were recently added to the case, and have not yet been served.

motion to dismiss, the facts alleged in Rheaume's amended complaint will be accepted as true.

On January 5, 2005, Rheaume was housed in a cell on the top floor of the Segregation Unit at the Southern State Correctional Facility ("SSCF") in Springfield, Vermont. While descending to a lower floor, he fell down a flight of metal stairs.  At the time of his fall, he was handcuffed behind his back and his legs were shackled.  As a result of the fall, he allegedly suffered injuries to his head and back.  He also claims that he continues to experience anxiety and nightmares.

Rheaume filed his initial complaint on December 20, 2007, naming former DOC Commissioner John Gorczyk, current DOC Commissioner Robert Hofmann, and the DOC itself as defendants.  The complaint claimed that, by failing ensure that he was properly escorted down the stairs, DOC personnel acted negligently and violated his constitutional right to be free from cruel and unusual punishment.  The defendants responded with a motion to dismiss.

Rheaume subsequently filed an amended complaint, striking Gorczyk as a party and adding SSCF Superintendent Keith Tallon and SSCF Security Supervisor Dominic Damato.

The amended complaint includes the same substantive claims. For relief, Rheaume requests a declaratory judgment, injunctive relief, and damages.  Defendants Hofmann and the DOC now move to dismiss on the bases of sovereign immunity, lack of personal involvement, failure to state a claim, and mootness.

## Discussion

I. <u>Motion to Dismiss Standard</u>

On a motion to dismiss, the Court must accept as true the factual allegations in the complaint, and must draw all inferences in the plaintiff's favor.  <u>See</u> <u>Allaire Corp. v. Okumus</u>, 433 F.3d 248, 249-50 (2d Cir. 2006).  To survive dismissal, a complaint must plead enough facts to be plausible on its face.  <u>Ruotolo v. City of New York</u>, 514 F.3d 184, 188 (2d Cir. 2008) (citing <u>Bell Atlantic Corp. v. Twombly</u>, 127 S. Ct. 1955, 1974 (2007)).  If a plaintiff is proceeding *pro se*, courts are to construe the complaint and other pleadings liberally.  <u>See</u>, <u>e.g.</u>, <u>Williams v. Edwards</u>, 195 F.3d 95, 96 (2d Cir. 1999).

II. <u>Eleventh Amendment Immunity</u>

The movants argue that, pursuant to the Eleventh Amendment of the U.S. Constitution, Rheaume's constitutional

3

claims for damages against the DOC and Commissioner Hofmann in his official capacity are barred.  The Eleventh Amendment prohibits suits for damages brought in federal court against unconsenting states or state officials sued in their official capacities.  See Edelman v. Jordan, 415 U.S. 651, 663 (1974).  A state may waive its Eleventh Amendment immunity so long as the waiver is unequivocally expressed. Atascadero State Hospital v. Scanlon, 473 U.S. 234 (1985). Additionally, Congress may abrogate the Eleventh Amendment pursuant to Section 5 of the Fourteenth Amendment. Fitzpatrick v. Bitzer, 427 U.S. 445, 456 (1976).

Courts have long held that 42 U.S.C. § 1983, under which the constitutional claims in this case are brought, does not override Eleventh Amendment immunity.  Quern v. Jordan, 440 U.S. 332, 341 (1979).  Indeed, there is no indication that Congress has abrogated Vermont's sovereign immunity from suit in federal court.  Furthermore, Vermont has clearly preserved its sovereign immunity under the Eleventh Amendment.  See, e.g., 12 V.S.A. § 5601(g). Therefore, any constitutional claims for damages brought against the DOC and Commissioner Hofmann in his official capacity should be DISMISSED.

III. <u>Negligence Claims</u>

The movants next argue that Rheaume's negligence claims are brought against the wrong defendant and in the wrong forum. The Court agrees. The Vermont Tort Claims Act ("VTCA") constitutes a limited waiver of Vermont's sovereign immunity. It allows lawsuits resulting from state employee negligence to be brought (1) solely against the State of Vermont and (2) exclusively in Vermont superior courts. 28 V.S.A. §§ 5602(a)-(b), 5601(a). Accordingly, there can be no claim for negligence against Hofmann or the DOC, and even if Rheaume had named the State of Vermont as a defendant, this Court would have no subject matter jurisdiction to hear such a claim.

IV. <u>Individual Capacity Claims Under § 1983</u>

The amended complaint charges Commissioner Hofmann generally with misconduct, but does not allege that he was directly involved with Rheaume's fall. The only specific allegation regarding Hofmann is that he did not "properly insur[e] the Correctional Facilities receive the required training in dealing with the inmates in the Segregation Units in each facility . . . ." It is, therefore, plain that Hofmann is being sued for his role as a supervisor in

the prison system.

"It is well settled in this Circuit that personal involvement of a defendant in alleged constitutional deprivations is a prerequisite to an award of damages under § 1983." Wright v. Smith, 21 F.3d 496, 501 (2d Cir. 1994). While "respondeat superior cannot form the basis for a § 1983 claim," Hemmings v. Gorczyk, 134 F.3d 104, 108 (2d Cir. 1998), the personal involvement of a supervisory defendant in a § 1983 claim may be shown by evidence that: (1) the defendant participated directly in the alleged constitutional violation, (2) the defendant, after being informed of the violation through a report or appeal, failed to remedy the wrong, (3) the defendant created a policy or custom under which unconstitutional practices occurred, or allowed the continuance of such a policy or custom, (4) the defendant was grossly negligent in supervising subordinates who committed the wrongful acts, or (5) the defendant exhibited deliberate indifference to the rights of inmates by failing to act on information indicating that unconstitutional acts were occurring. See Hernandez v. Keane, 341 F.3d 137, 144 (2d Cir. 2003); Colon v. Coughlin, 58 F.3d 865, 873 (2d Cir. 1995).

Here, there is no allegation that Hofmann had any direct involvement in the events in question.  Nor is there any indication that Hofmann had actual knowledge of Rheaume's fall.  The complaint does not claim that the fall was the result of an unlawful DOC policy or custom, or that Hofmann failed to adequately supervise DOC employees in a manner that was grossly negligent.  In sum, Rheaume fails to allege that Hofmann "knew of the unconstitutional practices and exhibited deliberate indifference by failing to act or failing to supervise subordinates."  Nunez v. Goord, 172 F. Supp. 2d 417, 434 (S.D.N.Y. 2001) (dismissing claim against Commissioner for failure to train); see also Colon, 58 F.3d at 873-74.  Given § 1983's requirement of personal involvement, and Rheaume's failure to allege such involvement, the § 1983 claims for damages brought against Hofmann in his individual capacity should be DISMISSED.

V.   Injunctive Relief

For injunctive relief, Rheaume asks that steps be taken to properly train DOC personnel with respect to the supervision of inmates in Vermont's Segregation Units.  The movants argue that this claim is moot because Rheaume has been transferred to a facility in Kentucky.

7

"It is settled in this Circuit that a transfer from a prison facility moots an action for injunctive relief against the transferring facility." Prins v. Coughlin, 76 F.3d 504, 506 (2d Cir. 1996). It is also settled that the mootness principle does not apply when claims are "capable of repetition, yet evad[e] review." Altman v. Bedford Cent. Sch. Dist., 245 F.3d 49, 71 (2d Cir. 2001) (quoting City of Los Angeles v. Lyons, 461 U.S. 95, 109 (1983) and Weinstein v. Bradford, 423 U.S. 147, 149 (1975)). This doctrine "applies only in exceptional situations, where the following two circumstances are simultaneously present: (1) the challenged action is in its duration too short to be fully litigated prior to cessation or expiration, and (2) there is a reasonable expectation that the same complaining party will be subject to the same action again." Commer v. District Council 37, 2003 WL 21692816, at *5 (S.D.N.Y. July 21, 2003) (citing Spencer v. Kemna, 523 U.S. 1, 17 (1998)).

Rheaume is still a Vermont inmate, but is currently incarcerated in a private facility in Kentucky. Although he has not opposed the motion to dismiss, he could conceivably argue that his claim is capable of repetition because he may be transferred back to Vermont. The Supreme Court has held,

however, that speculation about a re-transfer is insufficient to overcome the general mootness rule. See Preiser v. Newkirk, 422 U.S. 395, 403 (1975); Murphy v. Hunt, 455 U.S. 478, 482-83 (1982); see also Smith v. Dudley, 190 F.3d 852, 855 (8th Cir. 1995); Higgason v. Farley, 83 F.3d 807, 811 (7th Cir. 1995).  Given that Rheaume is currently in a privately-owned facility in another state, and is not being confined by DOC personnel, the Court should adhere to the general rule that a prison transfer moots a claim for injunctive relief.  Accordingly, Rheaume's injunctive relief claim should be DISMISSED.

VI.  The Merits

Even assuming that the above defenses did not apply, Rheaume's amended complaint fails to state a claim of unconstitutional conduct by Commissioner Hofmann or the DOC. Rheaume's claim is that Hofmann failed to train his subordinates on how to properly escort shackled prisoners down the stairs.  The failure to escort itself is described in the amended complaint as "negligence."  The amended complaint also makes a brief, and factually unsupported, claim that Rheaume's segregation violated his due process rights.

Mere negligence does not constitute an Eighth Amendment violation.  See Hendricks v. Coughlin, 942 F.2d 109, 113 (2d Cir. 1991).  Rheaume characterizes the failure to properly train as "malicious[] and sadistic[]," but offers no facts to support these claims.  Indeed, any claim that the DOC would maliciously and sadistically fail to train its personnel so as to cause physical harm to its inmates is wildly speculative.  "Conclusory statements that a supervisory defendant failed to properly supervise or train prison personnel are insufficient to withstand a motion to dismiss."  Howard v. City of New York, 2006 WL 2597857, at *9 (S.D.N.Y. Sept. 6, 2006) (citing Colon, 58 F.3d at 873).  Consequently, even when giving Rheaume's *pro se* amended complaint the required liberal reading, the Court should find that he has failed to bring a plausible constitutional claim against either Commissioner Hofmann or the DOC.  I therefore recommend that all claims against these defendants be DISMISSED.

## Conclusion

For the reasons set forth above, I recommend that the motion to dismiss filed on behalf of defendants Hofmann and the DOC (Paper 21) be GRANTED.  Pursuant to Rheaume's

amended complaint, defendant John Gorczyk should be TERMINATED as a party.  The defendants' prior motion to dismiss, filed on behalf of defendants Hofmann and Gorczyk (Paper 8), should be DENIED as moot.

    Dated at Burlington, in the District of Vermont, this 8th day of September, 2008.


                                         /s/ Jerome J. Niedermeier
                                         Jerome J. Niedermeier
                                         United States Magistrate Judge


Any party may object to this Report and Recommendation within 10 days after service by filing with the clerk of the court and serving on the magistrate judge and all parties, written objections which shall specifically identify the portions of the proposed findings, recommendations or report to which objection is made and the basis for such objections.  Failure to file objections within the specified time waives the right to appeal the District Court's order. See Local Rules 72.1, 72.3, 73.1; 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b), 6(a) and 6(e).