UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF VERMONT

Joshua Rheaume,  :
    Plaintiff,  :
                        :
    v.  :          File No. 1:07-CV-262
                        :
Keith Tallon, Dominic  :
Damato, and Unknown  :
Corrections Officers and  :
Shift Supervisors,  :
    Defendants.  :

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION
(Paper 23)

*Pro se* plaintiff Joshua Rheaume, a Vermont inmate, brings this action claiming that he suffered injuries as a result of a fall while in prison. His allegations include an Eighth Amendment claim of cruel and unusual punishment, a due process claim, and state law negligence claim. Currently pending before the Court is a motion to dismiss submitted on behalf of defendants Keith Tallon and Dominic Damato, arguing lack of jurisdiction and failure to state a claim. For the reasons set forth below, I recommend that the motion to dismiss be GRANTED and the case be DISMISSED.

## Factual and Procedural Background

For the limited purpose of ruling upon the defendants' motion to dismiss, the facts alleged in Rheaume's amended complaint will be accepted as true. These same facts were recited in an earlier Report and Recommendation (Paper 22),

and are largely repeated here.

On January 5, 2005, Rheaume was housed in a cell on the top floor of the Segregation Unit at the Southern State Correctional Facility ("SSCF") in Springfield, Vermont. While descending to a lower floor, he fell down a flight of metal stairs. At the time of his fall, he was handcuffed behind his back and his legs were shackled. As a result of the fall, he allegedly suffered injuries to his head and back. He also claims that he continues to experience anxiety and nightmares.

Rheaume filed his initial complaint on December 20, 2007, naming former Vermont Department of Corrections ("DOC") Commissioner John Gorczyk, current DOC Commissioner Robert Hofmann, and the DOC itself as defendants. The complaint also named unidentified DOC personnel. Rheaume's primary claim is that, by failing to ensure that he was properly escorted down the stairs, DOC personnel acted negligently and violated his constitutional right to be free from cruel and unusual punishment.

Rheaume subsequently amended his complaint, striking Gorczyk[1] as a party and adding SSCF Superintendent Keith

---

[1] The amended complaint actually strikes Gorcyk's successor, Steven Gold, on the ground that Hofmann, and not

Tallon and SSCF Security Supervisor Dominic Damato. The amended complaint includes the same substantive claims. Pursuant to a previous Order, defendants Hofmann and the DOC were dismissed from the case in both their official and individual capacities.

Tallon and Damato now move to be dismissed as well. Their motion cites sovereign immunity, lack of jurisdiction under the Vermont Tort Claims Act, lack of personal involvement, and failure to state a claim. The relief sought against these defendants includes a declaratory judgment and damages.

## Discussion

I. Motion to Dismiss Standard

On a motion to dismiss, the Court must accept as true the factual allegations in the complaint, and must draw all inferences in the plaintiff's favor. See Allaire Corp. v. Okumus, 433 F.3d 248, 249-50 (2d Cir. 2006). To survive dismissal, a complaint must plead enough facts to be plausible on its face. Ruotolo v. City of New York, 514 F.3d 184, 188 (2d Cir. 2008) (citing Bell Atlantic Corp. v.

---

Gold, was the DOC Commissioner during the relevant time period. Because the same reasoning would cause defendant Gorczyk to be dismissed, the Court has terminated Gorczyk as a party.

3

Twombly, 127 S. Ct. 1955, 1974 (2007)). If a plaintiff is proceeding *pro se*, courts are to construe the complaint and other pleadings liberally. See, e.g., Williams v. Edwards, 195 F.3d 95, 96 (2d Cir. 1999).

II. Eleventh Amendment Immunity

Tallon and Damato argue that, pursuant to the Eleventh Amendment of the U.S. Constitution, Rheaume's constitutional claims for damages against them in their official capacities are barred. The Eleventh Amendment prohibits suits for damages brought in federal court against unconsenting states or state officials sued in their official capacities. See Edelman v. Jordan, 415 U.S. 651, 663 (1974). A state may waive its Eleventh Amendment immunity so long as the waiver is unequivocally expressed. Atascadero State Hospital v. Scanlon, 473 U.S. 234 (1985). Additionally, Congress may abrogate the Eleventh Amendment pursuant to Section 5 of the Fourteenth Amendment. Fitzpatrick v. Bitzer, 427 U.S. 445, 456 (1976).

Courts have long held that 42 U.S.C. § 1983, under which the constitutional claims in this case are brought, does not override Eleventh Amendment immunity. Quern v. Jordan, 440 U.S. 332, 341 (1979). Indeed, there is no indication that Congress has abrogated Vermont's sovereign

immunity from suit in federal court.  Furthermore, Vermont has clearly preserved its sovereign immunity under the Eleventh Amendment.  See, e.g., 12 V.S.A. § 5601(g).  Therefore, any federal constitutional claims for damages brought against Tallon and Damato in their official capacities should be DISMISSED.

III.  Negligence Claims

Tallon and Damato next argue that Rheaume's negligence claims are brought against the wrong defendants and in the wrong forum.  Rheaume's specific claim is that Tallon and Damato failed to correct the "negligence of not escorting inmates while handcuffed behind their backs and shackled down the flight of stairs . . . ."  (Paper 20 at 4).  In a separate filing, he accuses "the facility" of negligence in failing to deter accidents.  (Paper 35 at 2).

The Vermont Tort Claims Act ("VTCA") constitutes a limited waiver of Vermont's sovereign immunity.  It allows lawsuits resulting from state employee negligence to be brought (1) solely against the State of Vermont and (2) exclusively in Vermont superior courts.  28 V.S.A. §§ 5602(a)-(b), 5601(a).  With respect to the first limitation, the VTCA reads, in relevant part:

When the act or omission of an employee of the

5

> state acting within the scope of employment is
> believed to have caused damage to property, injury
> to persons, or death, the exclusive right of
> action shall lie against the state of Vermont; and
> no such action may be maintained against the
> employee or the estate of the employee.

28 V.S.A. § 5602(a). Accordingly, there can be no tort claims against Tallon and Damato for their alleged negligence as supervisors at SSCF. Furthermore, under the second limitation, even if Rheaume had named the State of Vermont as a defendant, this Court would have no subject matter jurisdiction to hear such a claim. 28 V.S.A. § 5601(a) ("The superior courts of the state shall have exclusive jurisdiction of any actions brought hereunder."). The negligence claims against Tallon and Damato should, therefore, be DISMISSED without prejudice.

IV. <u>Individual Capacity Claims Under § 1983</u>

The amended complaint does not allege that either Tallon or Damato had any direct involvement with Rheaume's fall down the stairs. Instead, they are being sued for failing to properly supervise and train correctional staff as to the proper technique for escorting a shackled inmate down stairs. "It is well settled in this Circuit that personal involvement of a defendant in alleged constitutional deprivations is a prerequisite to an award of

6

damages under § 1983." Wright v. Smith, 21 F.3d 496, 501 (2d Cir. 1994). Nonetheless, these defendants could be sued as supervisors if certain facts were alleged. Hernandez v. Keane, 341 F.3d 137, 144 (2d Cir. 2003)

While "respondeat superior cannot form the basis for a § 1983 claim," Hemmings v. Gorczyk, 134 F.3d 104, 108 (2d Cir. 1998), the personal involvement of a supervisory defendant in a § 1983 claim may be shown by evidence that: (1) the defendant participated directly in the alleged constitutional violation, (2) the defendant, after being informed of the violation through a report or appeal, failed to remedy the wrong, (3) the defendant created a policy or custom under which unconstitutional practices occurred, or allowed the continuance of such a policy or custom, (4) the defendant was grossly negligent in supervising subordinates who committed the wrongful acts, or (5) the defendant exhibited deliberate indifference to the rights of inmates by failing to act on information indicating that unconstitutional acts were occurring. See Hernandez, 341 F.3d at 144; Colon v. Coughlin, 58 F.3d 865, 873 (2d Cir. 1995).

Again, there is no allegation that Tallon or Damato had any direct involvement in the events in question. Nor is

7

there any indication that they had actual knowledge of Rheaume's fall.  The complaint does not claim that the fall was the result of an unlawful DOC policy or custom, or that Tallon and Damato failed to adequately supervise DOC employees in a manner that was grossly negligent.

In sum, Rheaume fails to allege that Tallon and Damato "knew of the unconstitutional practices and exhibited deliberate indifference by failing to act or failing to supervise subordinates." Nunez v. Goord, 172 F. Supp. 2d 417, 434 (S.D.N.Y. 2001) (dismissing claim against Commissioner for failure to train); see also Colon, 58 F.3d at 873-74.  Given § 1983's requirement of personal involvement, and Rheaume's failure to allege such involvement, the § 1983 claims for damages brought against Tallon and Damato in their individual capacities should be DISMISSED.

V. The Merits

Even assuming that the above defenses did not apply, Rheaume's amended complaint fails to state a claim of unconstitutional conduct by either Tallon or Damato. Rheaume claims that these defendants failed to train subordinates on how to properly escort shackled prisoners down the stairs.  The failure to escort itself is described

in the amended complaint as "negligence." (Paper 20 at 4). The amended complaint also makes a brief, and factually unsupported, claim that Rheaume's segregation violated his due process rights.

Mere negligence does not constitute an Eighth Amendment violation. See Hendricks v. Coughlin, 942 F.2d 109, 113 (2d Cir. 1991). Rheaume characterizes the failure to properly train as "malicious[] and sadistic[]," but offers no facts to support these claims. Indeed, any claim that DOC personnel would maliciously and sadistically fail to train its personnel so as to cause physical harm to its inmates is wildly speculative. "Conclusory statements that a supervisory defendant failed to properly supervise or train prison personnel are insufficient to withstand a motion to dismiss." Howard v. City of New York, 2006 WL 2597857, at *9 (S.D.N.Y. Sept. 6, 2006) (citing Colon, 58 F.3d at 873). Consequently, even when giving Rheaume's *pro se* amended complaint the required liberal reading, the Court should find that he has failed to bring a plausible constitutional claim against either Tallon or Damato. I therefore recommend that the federal constitutional claims against these defendants be DISMISSED.

VI. Unnamed Defendants

If this Report and Recommendation is adopted, the only remaining defendants will be the unnamed Correctional Officers assigned to Rheaume's unit at the time of his fall, and certain "unknown and unnamed Shift Supervisions [sic] who were assigned to be supervising the shift at the time of this action." (Paper 20 at 3). As noted previously, Rheaume frequently characterizes his claim as a negligence action. Moreover, he offers no factual support for his allegation that the unnamed defendants acted with the level of culpability required for an Eighth Amendment claim. See Farmer v. Brennan, 511 U.S. 825, 834 (1994) (inmate must show that prison officials acted with deliberate indifference to a "substantial risk of serious harm"); Pope v. Shafer, 86 F.3d 90, 92 (7th Cir. 1996) (mere negligence by prison guard in failing to protect inmate from harm "is not enough to state a claim of deliberate indifference under the Eighth Amendment"). I therefore recommend that all claims against the unnamed defendants be DISMISSED without prejudice.

## Conclusion

For the reasons set forth above, I recommend that the motion to dismiss filed on behalf of defendants Tallon and

Damato (Paper 23) be GRANTED. Because jurisdiction over Rheaume's negligence claims lies exclusively in state court, those claims should be DISMISSED without prejudice. As Rheaume has failed to allege specific facts to support a constitutional claim against the unknown defendants, I recommend that the claims against them be DISMISSED without prejudice as well, thereby closing this case.

Dated at Burlington, in the District of Vermont, this 2nd day of January, 2009.

/S/ Jerome J. Niedermeier
Jerome J. Niedermeier
United States Magistrate Judge

Any party may object to this Report and Recommendation within 10 days after service by filing with the clerk of the court and serving on the magistrate judge and all parties, written objections which shall specifically identify the portions of the proposed findings, recommendations or report to which objection is made and the basis for such objections. Failure to file objections within the specified time waives the right to appeal the District Court's order. See Local Rules 72.1, 72.3, 73.1; 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b), 6(a) and 6(e).